[694 NYS2d 113]

In the Matter of ROBERT E. FERGUSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 9, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained 10

charges of professional misconduct against him. In his answer, the respondent admitted most of the factual allegations contained in the petition. After a hearing, the Special Referee sustained all of the charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted no papers in opposition or in response to the Grievance Committee's motion.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

On November 22, 1996, the Lawyers' Fund for Client Protection informed the petitioner that check number 127 in the amount of $17,725 drawn against the respondent's IOLA account had been presented for payment on October 29, 1996, and returned unpaid due to insufficient funds. On November 29, 1996, the petitioner initiated a *sua sponte* complaint against the respondent and requested that he provide bank statements and canceled checks for the six-month period preceding the date of the complaint.

By a letter dated February 2, 1997, the respondent submitted an answer to the complaint. He also submitted copies of bank statements, canceled checks, some of the deposit slips, and individual client ledgers for the period from February 1995 through January 1997. On November 6, 1997, the respondent appeared at the Grievance Committee's offices to give sworn testimony regarding the bank's dishonoring of check number 127.

On no fewer than three occasions, the balance in the respondent's escrow account was less than what he was required to have in that account. On October 18, 1996, the respondent disbursed check number 127 from his IOLA account to Wexford Clearing Service Corp. on behalf of his client Gerald M. Kufner. At the time the check was disbursed, Kufner had no funds on deposit in the account. Check number 127 was returned unpaid for insufficient funds when presented for payment on October 29, 1996.

At his deposition, the respondent testified that funds were supposed to be "wired" into the account. The respondent also testified that he did not inquire whether or not the funds were received in the account as expected. The respondent further

testified, "I should not have written a check in anticipation of funds".

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

On November 18, 1996, the respondent disbursed check number 128 in the amount of $11,512.50 on behalf of his client J.W. Charles Clearing Corp. The corresponding funds were not deposited until November 19, 1996. As a result, the respondent's IOLA account was overdrawn on November 18, 1996.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

The respondent testified at his deposition, that on August 12, 1996, he deposited the sum of $10,546.69 on behalf of his client Gerald M. Kufner for reinvestment. The respondent admitted that, on the same date, he permitted J.W. Charles Clearing Corp. to debit his IOLA account via an on-line check in the amount of $10,890 in connection with the reinvestment. As a result, the respondent permitted J.W. Charles Clearing Corp. to debit his account in excess of the funds on deposit. The respondent acknowledged his carelessness and that "he should have made the broker tell [him] exactly what [the amount of the check] was".

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by commingling personal funds with client funds, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]):

On June 29, 1995, the respondent deposited the sum of $115,000 into his IOLA account on behalf of his client Norman Wanzer. Between June 29, 1995 and March 6, 1996, the respondent made several disbursements totaling approximately $36,500 for his fee in the Wanzer matter. At his deposition, the respondent acknowledged that client fees were on deposit in the account. He also admitted that the fees remained in the account because he did not need the money.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation

of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

During the period from March 23, 1995 to October 30, 1996, the bank imposed approximately $64.50 in charges on the respondent's IOLA account. The charges were incurred as follows: $19.50 on March 23, 1995, for printing charges and $15 on August 13, 1996, September 17, 1996, and October 30, 1996, respectively, for charges relating to insufficient funds for checks presented for payment. As of February 22, 1995, the balance in the respondent's escrow account was $60.70. The respondent did not deposit any funds into his IOLA account to cover the bank charges. Moreover, he received notice of the charges on the monthly statements provided by the bank. The respondent, nevertheless, failed to account for the bank charges in excess of the $60.70 available for such charges. Thus, bank charges were imposed against funds the respondent was required to hold on behalf of others.

Charge Six alleged that the respondent failed to maintain a duly constituted escrow account by making withdrawals from that account payable to cash and not to a named payee, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]):

During the period from February 22, 1995 to January 22, 1997, the respondent disbursed from his IOLA account check numbers 101 in the amount of $1,500, 120 in the amount of $1,400, and 126 in the amount of $1,000, payable to cash.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

On June 29, 1995, the respondent deposited into his IOLA account the sum of $115,000 on behalf of his client Norman Wanzer. The respondent subsequently disbursed check numbers 101 to 104, 107 to 109, 113, 114, 118, and 119, totaling $115,256.87 in connection with his representation of Wanzer. As a result, the respondent disbursed $256.87 in excess of the funds on deposit for Wanzer.

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

On August 13, 1996 and September 17, 1996, the bank assessed charges for insufficient funds on the respondent's IOLA account in the amount of $15 each. The fees were incurred as a result of the respondent's failure to provide adequate time for deposited funds to clear before making corresponding disbursements. At his deposition, the respondent acknowledged that he has drawn checks against uncollected funds.

Charge Nine alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly constituted escrow account:

The respondent's escrow account balance was depleted to less than the amount he was required to hold on behalf of clients and was a negative balance on October 29, 1996, November 18, 1996, and January 8, 1997.

Charge Ten alleged that the respondent failed to maintain a duly constituted escrow account by not maintaining and/or producing required bookkeeping records for his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (D) (8) (22 NYCRR 1200.46 [d] [8]):

The respondent failed to provide deposit slips to the petitioner for a $407.80 deposit on March 6, 1995, a $407.80 deposit on April 21, 1995, an $814.70 deposit on July 31, 1995, a $15 deposit on October 31, 1996, and a $4,500 deposit on January 16, 1997.

At the hearing, the respondent admitted all of the factual allegations contained in the petition. In view of the respondent's admissions and the documentary evidence submitted by the petitioner, the Special Referee properly sustained all 10 charges of professional misconduct against the respondent.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including that he suffers from chronic depression, and that there is no evidence of any conversion or dishonesty.

The respondent's prior disciplinary history consists of letters of admonition in 1978 and 1980 and a private censure in 1984 for misconduct similar to the present charges.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

BRACKEN, J. P., S. MILLER, O'BRIEN, RITTER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert E. Ferguson, is suspended from the practice of law for a period of one year, commencing September 9, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the' expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert E. Ferguson, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.